United States Court of Appeals,

Fifth Circuit.

No. 91-2405.

Laura Patricia Canavati DE CHECA, et al., Plaintiffs-Appellants,

v.

DIAGNOSTIC CENTER HOSPITAL, INC., et al., Defendants,

Robert Davis, M.D., et al., Defendants-Appellees.

July 14, 1993.

Appeals from the United States District Court for the Southern District of Texas.

Before WILLIAMS and WIENER, Circuit Judges, and LITTLE[*], District Judge.

JERRE S. WILLIAMS, Circuit Judge:

Appellants in this case, Laura Patricia Canavati De Checa and her children, brought a wrongful death action against various health care providers in Texas. Part of this suit involves malpractice claims against three doctors, among others, who are alleged to have participated in the treatment of the deceased. They are Doctors Burbridge, Davis, and Burnazian, appellees. The district court dismissed the claims against these doctors on grounds that the claims against them were untimely and also that the notice requirements of the Texas law were not met.

More detailed facts can be found in our original opinion. *De Checa, et al. v. Diagnostic Center Hospital, et al.,* 967 F.2d 126 (5th Cir.1992). Suffice it for our purposes here to state that the Texas two year limitations period is extended 75 days under Texas law if the claimant gives notice of claim within the two year period. The statute also provides that the notice given is a 60 day notice, the purpose of which apparently is to enable the parties to try to negotiate a settlement.

In this case notice was given to some of the health care providers during the two year period. But appellees were not notified that claims would be made against them until the additional 75 day extension was nearing its end, and the complaint was extended to include them only a few days thereafter but within the two year, 75 day period.

[*]District Judge of the Western District of Louisiana, sitting by designation.

The district court dismissed the claims as untimely on the ground that a claim could be timely only if the notice to the party against whom the claim is made is given within the two year period. If this requirement is the law, obviously appellants did not meet the requirement and the claims were untimely.

In addition, the notices provided these three doctors, while filed within the 75 day tolling period following the two year statute, did not allow 60 days before the claims against them were filed. The notice could not allow for 60 days before the claims were filed without filing past the two year, 75 day period. The Texas Supreme Court held that such a filing would be untimely. No claim can be filed after the two year, 75 day extended limitations period.

Ambiguities in the statute and differing opinions in Texas lower courts led us to certify the critical questions to the Texas Supreme Court. The Texas Supreme Court has responded to our certified questions clearly and unambiguously. *De Checa, et al. v. Diagnostic Center Hospital, et al.,* 852 S.W.2d 935 (1993). Its responses enable us to decide the case fully in accordance with Texas law. We are most appreciative of the precise and completely effective response of the Supreme Court.

First, the Texas Supreme Court holds that the Texas statute provides that notice given to any actual or potential party within the two year limitations period invokes the 75 day tolling provision as to all present and potential litigants. Therefore, under the facts of this case, the district court was in error in dismissing the claims against the appellees on the ground that the claims were untimely. They were filed within the two year plus 75 day authorized time span. Even though appellees had no claims filed against them or notice given to them within the two year limitations period, the limitations statute had been tolled for an additional 75 days as to all potential parties.

Second, the Court holds that when the requisite notice is filed less than 60 days before suit is filed, the proper procedure is to abate the suit on motion of a defendant as to that defendant for the 60 day period.

In accordance with the answers to the certified questions, we reverse the district court and reinstate the claims as timely filed. The court should abate the suit on a claim against a particular

doctor for up to 60 days upon motion by that defendant.

REVERSED AND REMANDED.